The document below is hereby signed.

Signed: April 28, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
MOHAMOUD Y ALI,                 )   Case No. 09-01051
                                )      (Chapter 7)
               Debtor.          )
                                )
_____   )
                                )
                                )
SANGHVI, et al.,                )
                                )
               Plaintiffs,      )
                                )
        v.                      )   Adversary Proceeding
                                )   No. 10-10012
MOHAMOUD Y ALI,                 )
                                )   Not for Publication in
               Defendant.       )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
<u>PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS</u>

On October 28, 2010, as a sanction for the defendant's failure to comply with discovery, the court entered an order directing that the plaintiffs "recover of the defendant, Mohamoud Y. Ali, the sum of $10,835.00, together with interest as provided

by 28 U.S.C. § 1961 from the date of entry of this order." This was a monetary judgment. Then the parties settled their underlying dispute. The court entered an order on December 21, 2010, approving the settlement, and that order included a direction that:

> within the sooner of: 1) thirty (30) days after November 15, 2010; or 2) entry of this Order, the Debtor shall remit payment of ten thousand eight hundred thirty-five dollars ($10,835.00) to the Plaintiffs' counsel to satisfy this Court's Order dated October 28, 2010 awarding fees to the Plaintiffs pursuant to the Order Imposing Sanctions Incident to Motion to Compel Discovery.

The agreement included no provision for the plaintiffs' recovery of attorney's fees if they were required to pursue collection of the $10,835.00 award.

The plaintiffs have now filed a motion seeking an order compelling the defendant to pay the plaintiffs the $10,835.00 and awarding sanctions in the amount of the plaintiffs' attorney's fees incurred in bringing the present motion. Because there was no agreement for a recovery of attorney's fees, the plaintiffs must be proceeding by way of civil contempt to seek a recovery of attorney's fees.

I

With exceptions of no applicability here, the courts do not allow contempt sanctions to be used as a vehicle for enforcing collection of a monetary judgment. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir.), *cert. denied sub nom. Simmons v.*

2

*Combs*, 479 U.S. 853 (1986).  *Accord*, *In re Estate of Bonham*, 817 A.2d 192, 195-96 (D.C. 2003) (use of contempt to collect counsel fee award); *Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 (1st Cir. 1997); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147-48 (9th Cir. 1983); *Granfinanciera, S.A. v. Nordberg ( In re Chase & Sanborn Corp.)*, 872 F.2d 397 (11th Cir. 1989); *In re Property of Adam*, 100 P.3d 77, 88 (Haw. Ct. App. 2004); *Ardex Labs., Inc. v. Cooperider*, 319 F.Supp.2d 507, 509 (E.D. Pa. 2004) (writ of execution, not contempt, proper course for enforcing award of attorney's fees); *Patterson v. America's Voice, Inc. (In re America's Voice, Inc.)*, 2000 WL 33529764 (Bankr. D.D.C. 2000) (discussing exceptions).  Specifically, "difficulties in enforcing the judgment due to the location of the assets and the uncooperativeness of the judgment debtor are not the types of extraordinary circumstances which warrant departure from the general rule that money judgments are enforced by means of writs of execution rather than by resort to the contempt powers of the courts ."  *Aetna Casualty*, 114 F.3d at 349 n. 4 (citing *Hilao v.*

*Estate of Marcos*, 95 F.3d 848, 855 (9th Cir. 1996)).[1]

II

The order entered on December 21, 2010, did not convert the monetary judgment entered on October 28, 2010, into a mandatory injunction for which contempt sanctions lie.  Instead, the order entered on December 21, 2010:

- set a deadline by which the defendant would be allowed to satisfy the $10,835.00 sanction award by paying that amount, without any of the interest that accrued for 54 days since October 28, 2010, and

- directed, as one of the defendant's commitments under the settlement agreement, that the defendant would satisfy the debt by that date.

The defendant having breached his commitment in the settlement agreement, as directed by the order embodying the settlement agreement's terms, to satisfy the debt by making a $10,835 payment by the specified date, the result is that the defendant

---

[1] This does not mean, however, that the court cannot utilize civil contempt as a mechanism to enforce orders:

- supplementary to the judgment or execution, issued incident to state procedures (here, District of Columbia procedures) invoked under Fed. R. Civ. P. 69(a)(1); or

- issued incident to discovery proceedings under Fed. R. Civ. P. 69(a)(2).

Instead, the point is that a mere failure to pay a monetary judgment is generally not a basis for seeking contempt sanctions.

remains liable for not only the $10,835.00 but also interest that has accrued on that $10,835.00 since October 28, 2010.  Nothing in the parties' settlement agreement, or in the order approving the settlement agreement and setting forth its terms, indicated that the $10,835.00 judgment was to now be enforcible via the utilization of contempt sanctions.  Precisely because contempt is not an appropriate vehicle for collecting a monetary judgment, the court would have declined to enter an order decreeing that failure to pay the $10,835.00 could be addressed by civil contempt sanctions.

                                III

   For all of these reasons, it is

   ORDERED that the plaintiffs' Motion to Compel and for Sanctions is DENIED.

                                        [Signed and dated above.]

Copies to: All counsel of record.